AFFIRM; Opinion Filed January 29, 2013



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-12-01510-CR

## EX PARTE MICHAEL T. ROBERTS

---

On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 86890-422

---

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Michael T. Roberts filed a pretrial application for writ of habeas corpus asserting the prosecution against him for violating the sex offender registration statute is barred by double jeopardy. The trial court denied appellant the relief he sought. In one issue, appellant asserts the "Double Jeopardy Clause precludes the State from this second prosecution for an alleged criminal act of failure to report a change of address under the failure to register as a sex offender statute that was previously litigated and submitted to the jury for their consideration to support a conviction for failure to register/annually." We affirm the trial court's order.

On June 9, 1997, appellant pleaded nolo contendere to indecency with a child. The trial court probated his sentence for five years. As part of his community supervision, appellant was required to register as a sex offender. The State later charged appellant with failure to register as

a sex offender. A jury convicted appellant of the offense and the trial court assessed punishment at imprisonment for two years. On direct appeal, this Court reversed appellant's conviction and rendered judgment of acquittal, concluding the evidence was insufficient to support the conviction under the section of the statute he was indicted for violating. *Roberts v. State*, No. 05-11-00450-CR, 2012 WL 2362530 (Tex. App.—Dallas June 22, 2012, no pet.) (mem. op.) (not designated for publication).

On September 25, 2012, the State filed a new indictment charging appellant with failure to comply with sex offender registration requirements. The indictment alleged appellant intentionally or knowingly, not later than the seventh day before the intended change, failed to report in person to the local law enforcement authority and provide the authority with defendant's anticipated move date and new address; or by residing for more than seven days at a location to which a physical address had not been assigned by a governmental agency and intentionally or knowingly not less than once in each 30-day period, failing to confirm appellant's location by reporting to the local law enforcement authority. Appellant filed a pretrial application for writ of habeas corpus contending this subsequent prosecution was barred by double jeopardy. Following a hearing at which the previous and current indictments and this Court's opinion and judgment were admitted into evidence, the trial court denied appellant habeas corpus relief.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's

2

determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

A defendant may not be twice put in jeopardy for the same offense. U.S. CONST. amend. V; TEX. CONST. art. 1, § 14. In the context of successive prosecutions, the double jeopardy bar applies if the two offenses for which the defendant is tried cannot survive the *Blockburger* same-elements test. *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The same-elements test inquires whether each offense contains an element not contained in the other. *Dixon*, 509 U.S. at 696; *Blockburger*, 284 U.S. at 304. If not, they are the same offense and double jeopardy bars the successive prosecution. *See Dixon*, 509 U.S. at 696.

A person commits an offense if the person is required to register as a sex offender under chapter 62 of the Texas Code of Criminal Procedure and fails to comply with any requirement of the chapter. *See* TEX. CODE CRIM. P. ANN. art. 62.102(a) (West 2006). Article 62.102 is a generalized umbrella statute that criminalizes the failure to comply with any of the registration requirements set out in chapter 62. *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). Chapter 62 contains numerous distinct requirements in its various statutes. *Id.* Article 62.055 provides:

> (a) If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority

designated by the department, and to the juvenile probation officer, community supervision and corrections department, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.

\*\*\*\*

(i) If a person required to register under this chapter resides for more than seven days at a location or locations to which a physical address has not been assigned by a governmental entity, the person, not less than once in each 30-day period, shall confirm the person's location or location by:

(1) reporting to the local law enforcement authority in the municipality where the person resides or, if the person does not reside in a municipality, the local law enforcement authority in the county in which the person resides; and

(2) providing a detailed description of the applicable location or locations.

TEX. CODE CRIM. P. ANN. art. 62.055(a), (i) (West Supp. 2012).

Appellant contends double jeopardy bars prosecution under the current indictment because the State is relying on the same evidence that was submitted to the jury during the first trial. Appellant asserts the State mistakenly believed it was justified in proving a failure to report an address change to support a conviction for the indicted offense of failure to verify annual registration. The State responds that double jeopardy does not bar this subsequent prosecution for an offense this Court held was not included in the previous indictment. We agree with the State.

In the previous prosecution, appellant was charged with violating article 62.051, failure to register or verify registration as a sex offender. We concluded the State's case during that trial "focused on evidence that appellant had abandoned his residence and moved to Alabama without notifying the proper authorities," which would be a violation of article 62.055. We further concluded that violation of the two statutory provisions constituted separate offenses. An alleged

4

violation of article 62.055 is not included in the indictment alleging a violation of article 62.051, and the Court would not consider evidence that may support a registration violation not included in the indictment. *Roberts*, 2012 WL 2362530, at ** 3–5.

The elements of an offense under article 62.051, as alleged in the earlier indictment, are: (1) appellant's status as a person with a reportable offense; (2) Kaufman County is where appellant resided or intended to reside for more than seven days; and (3) appellant intentionally or knowingly failed to register with local law enforcement in Kaufman County. TEX. CODE CRIM. P. ANN. art. 62.051 (West Supp. 2012).

The elements of an offense under article 62.051(a), as alleged in the current indictment, are: (1) appellant's status as a person with a reportable offense; and (2) appellant intentionally or knowingly not later than the seventh day before the intended change failed to report in person to the local law enforcement authority designated as appellant's primary registration authority by the department and provide the authority and the officer with appellant's anticipated move date and new address.

The elements of an offense under article 62.051(i), as alleged in the current indictment, are: (1) appellant's status as a person with a reportable offense; (2) appellant resided for more than seven days at a location or locations to which a physical address has not been assigned by a governmental agency; and (3) appellant intentionally or knowingly not less than once in each 30-day period failed to confirm his location or locations by reporting to the local law enforcement authority in the municipality where appellant resides, or if appellant did not reside in a municipality, the local law enforcement authority in the county in appellant resided, and provide a detailed description of the applicable location or locations.

5

Each offense alleged in the current indictment contains an element not contained in the offense charged in the earlier indictment. And, we previously concluded a violation of article 62.055 was not included in the indictment alleging a violation of article 62.051. *Roberts*, 2012 WL 2362530, at ** 3–5. Therefore, the offenses alleged in the current indictment are not the same offense alleged in the earlier indictment and double jeopardy does not bar the successive prosecution. *See Dixon*, 509 U.S. at 696. We overrule appellant's issue.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121510F.U05

6



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE MICHAEL T. ROBERTS

No. 05-12-01510-CR

Appeal from the 422nd Judicial District
Court of Kaufman County, Texas (Trial
Court No. 86890-422).
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.


Judgment entered January 29, 2013.

MOLLY FRANCIS
JUSTICE